21-1799-cv
*Thomas v. N.Y.C. Dep't of. Educ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-two.

PRESENT:     JOSÉ A. CABRANES,
             MICHAEL H. PARK,
             MYRNA PÉREZ,
                          *Circuit Judges.*

_____

ANNA-MARIA THOMAS, ED. D.,

             *Plaintiff-Appellant,*

          v.                                                        21-1799-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION, FKA Board of Education of the
City School District of the City of New York,
JOEL I. KLEIN, Individually and as Chancellor
of the City School District of the City of New
York, ROBERT FINLEY, Individually and in his
official capacity as Principal of Brooklyn High
School of the Arts, JOHN REEDY, Individually
and in his official capacity as Assistant
Principal of Brooklyn High School of the Arts,
DANIEL PARADIS, Individually and in his
official capacity as Teacher at Brooklyn High
of the Arts, MARGARET LACEY-BERMAN,
Individually and in her official capacity as
Principal of Brooklyn High School of the Arts,

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:	Anna-Maria Thomas, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:	Deborah A. Brenner & Kate Fletcher, *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY.

Appeal from a June 28, 2021 order and June 29, 2021 judgment entered by the United States District Court for the Eastern District of New York (Eric Komitee, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 28, 2021 order and June 29, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Anna-Maria Thomas, who is proceeding before us without counsel, appeals the District Court's granting of summary judgment in favor of Defendants on her age- and disability-based discrimination and hostile work environment claims.[1]  *See Thomas v. N.Y.C. Dep't of Educ.*, No. 10-CV-464 (EK) (CLP), 2021 WL 2646350 (E.D.N.Y. June 28, 2021).  Thomas, a former physical education teacher at the Brooklyn High School of the Arts ("BHSA"), filed suit against the New York City Department of Education ("DOE"), DOE Chancellor Joel Klein, BHSA principals Robert Finley and Margaret Lace-Berman, BHSA assistant principal John Reedy, and BHSA teacher Daniel Paradis, asserting claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and other state and federal laws.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.**

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."  *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam).  "Summary judgment is proper only when, construing the evidence in the light

---

[1]	Thomas does not challenge on appeal the 2013 decision of the District Court (Sandra L. Townes, *Judge*) dismissing some of her claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 361 (E.D.N.Y. 2013), *order clarified*, No. 10-CV-464 (SLT), 2017 WL 11502666 (E.D.N.Y. Aug. 2, 2017).

most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Discovery rulings are reviewed for abuse of discretion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).

## II.

### A.     Discovery Issues

On appeal, Thomas claims that Defendants failed to respond to her discovery requests and withheld exhibits from her New York Education Law Section 3020-a hearing, certain teacher license and certification records, a document stating DOE rules, regulations, and policies, and the governing union contract. But she has waived or forfeited these issues by either failing to raise them in the District Court or, in some cases, asserting that she had received the documents that she now claims were withheld. *See* Fed. R. Civ. P. 56(d) (providing that a party may obtain an extension or other appropriate relief by submitting a declaration or affidavit showing that they cannot present facts necessary to oppose summary judgment); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). While we may excuse waiver "when we think it necessary to remedy an obvious injustice," *see Greene*, 13 F.3d at 586, there is no basis to do so here because Thomas has not offered any explanation for how this additional evidence could cure any of the deficiencies that the District Court identified in her claims.

Thomas also argues that in her opposition papers to Defendants' motion for summary judgment, she requested additional time from the District Court to obtain and present an affidavit from her former union representative; she maintains that the District Court erred by declining to grant that request. Even if she had made that request as she describes,[2] the District Court would have acted well within its discretion in declining to grant the request. For starters, the request putatively made in Thomas's opposition papers would have been improperly raised. Moreover, the affidavit would have been cumulative of Thomas's account of the same events. And Thomas had more than ample prior opportunity to obtain the affidavit in the decade that this case was pending prior to her summary judgment opposition.

---

[2]     Thomas claims that the request was "made on page[] 9, of [her] Response in Opposition to Motion for Summary Judgment." Pl.'s Br. 6. This appears to be an error, and we are unable to locate any such request in the record before us.

### B.     Age-Based Claims

Next, we conclude that the District Court properly granted summary judgment in favor of Defendants on Thomas's age-based claims.

The only ADEA claims that survived the motion to dismiss were discrimination and hostile work environment claims based on Paradis's conduct in 2006, when he was assigned to teach physical education with Thomas and the two teachers had a series of conflicts, and Thomas's 2007 reassignment to the Teacher Reassignment Center ("TRC," also known as the "rubber room") pending an investigation of allegations that she had engaged in inappropriate conduct, which resulted in a Section 3020-a hearing decision in Thomas's favor in 2009, as well as a hostile work environment claim based on Thomas's allegation that Chancellor Klein made various comments suggesting that older teachers should be removed.  "[T]o establish age discrimination under the ADEA, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021) (internal quotation marks omitted).  To bring a hostile work environment claim under the ADEA, a plaintiff must show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of [her] employment." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) (internal quotation marks omitted).  This requires a showing that "she was subjected to the hostility because of her membership in a protected class." *Id.* at 241 (internal quotation marks omitted).

Other than a single reference to her salary and retirement date, Thomas does not allege that Paradis ever mentioned her age, directly or indirectly.  In fact, she expressly denied that Paradis discriminated against her on the basis of age; instead, she asserted that she believed Principal Finley had encouraged Paradis to harass her because she was the most "senior" and highest-paid member of his staff.  But her allegations about Principal Finley's motivations are without any factual support; other than her allegation that she was paid more than other teachers at BHSA for reasons related to her seniority (for which she provided no evidence), there is nothing in the record to suggest that Finley ever acted based on Thomas's age.  She does not allege that Finley made any direct mention of her age and she acknowledged that she did not personally know where the alleged comments attributed to Chancellor Klein about reducing the ranks of older teachers came from.  The fact that her Section 3020-a hearing was resolved in her favor is not, in itself, proof that the hearing was wrongfully initiated, much less proof that the wrong had something to do with her age, as opposed to — for example — personal animosity against her on the part of either Finley or the students who made the accusations against her.

### C.     Disability-Based Claims

We further conclude that the District Court properly granted summary judgment in favor of Defendants on Thomas's disability-based claims.

4

Thomas's surviving disability claims were limited to discriminatory discharge and failure-to-accommodate claims based on Principal Lacey-Berman's actions in 2009 — a period when Lacey-Berman assigned Thomas to tasks including answering telephones, asked her to teach yoga classes, directed her to obtain a medical clearance after Thomas declined to teach the yoga class for reasons related to a recent hip replacement surgery, and ultimately placed Thomas on an unpaid medical leave until she received clearance to resume teaching physical education in January 2010. To make a *prima facie* case of either claim, Thomas must establish a genuine dispute of fact as to whether she was disabled within the meaning of the ADA and whether she was qualified to perform the essential functions of her job with a reasonable accommodation. *See McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013). Thomas concedes that she was unable to teach physical education classes during the relevant period, so the only issue was whether a different teaching assignment was a "reasonable accommodation." But the undisputed evidence showed that no health class — the other subject Thomas was qualified to teach — was available. Thomas's failure-to-accommodate claim, and any other disability discrimination claim premised on her 2009 unpaid leave, was thus properly dismissed. *See McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 97-98 (2d Cir. 2009) (stating that an ADA plaintiff "must demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which she could have been reassigned").

The summary judgment record also included evidence regarding an injury Thomas experienced in 2011, a negative performance evaluation she received in 2012, and her decision to retire later that year. To the extent that she sought to assert a constructive discharge claim under the ADA based on these events — and to the extent that she should have been permitted to amend the complaint in order to do so — that claim fails because she does not establish that she was disabled after January 2010. *See McMillan*, 711 F.3d at 125. Thomas presented evidence of a torn tendon in her shoulder as of June 2011, but she failed to put forward any evidence about whether that injury affected her "major life activities" or whether she was viewed as having a disability. 42 U.S.C. § 12102(1) (defining "disability" for the purposes of the ADA). Nor did she ever allege that her earlier hip condition was in any way related to the events of 2012. *See id.* § 12102(1)(B) (disability includes a person having "a record of such an impairment").

E.    Racial Discrimination Claim

Finally, Thomas argues that the District Court erred in declining to consider a racial discrimination claim, which was not alleged in her complaint and instead raised in her summary judgment briefing. Thomas points out that she discussed that claim during two conferences before the District Court. This is of no moment; Thomas failed to seek leave to amend her complaint to assert such a claim. *See Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 n.3 (2d Cir. 2020) (declining to consider merits of claim premised on events not alleged in the complaint, where the plaintiff did not seek leave to amend the complaint to include them); *Greenidge v. Allstate Ins. Co.,* 446 F.3d 356,

361 (2d Cir. 2006) (declining to reach merits of argument raised for first time in opposition to summary judgment). The fact that there are stray references to "Title VII" in Thomas's complaint does not compel a different result because there are no factual allegations regarding racial discrimination and no related requests for relief; moreover, the complaint — which was drafted by an attorney and filed while Thomas was represented by counsel — was not entitled to the "special solicitude" otherwise given to *pro se* parties. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## III.

We have considered all of Thomas's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the June 28, 2021 order and June 29, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6